trial by jury, should this Court take this appeal?.

(2) Where the Superior Court contravened its own prior holdings on the standard for opening confessed judgments, which requires courts to view the evidence in the light most favorable to the party seeking to open the judgment, where the Superior Court instead improperly weighed the evidence, thus creating an irreconcilable conflict among Superior Court decisions, as well as contravening controlling precedent from this Court, should this Court take this appeal?

GRAYSTONE BANK, Respondent

v.

Timothy F. PASCH, Petitioner.

Supreme Court of Pennsylvania.

July 24, 2013.

### ORDER

PER CURIAM.

AND NOW, this 24th day of July 2013, the Petition for Allowance of Appeal is GRANTED. The issues, as stated by petitioners, are:

(1) Where the Superior Court contravened its own prior holdings as well as controlling precedent from this Court on the fundamental requirement that confessed judgments must be supported by a warrant of attorney in the contract on which judgment was confessed, where the prev-

alence of confession of judgment clauses utilized in this Commonwealth makes this a pervasive issue, and where disregard of the legal requirements governing confessed judgments results in denial of constitutional rights to due process and trial by jury, should this Court take this appeal?

(2) Where the Superior Court contravened its own prior holdings on the standard for opening confessed judgments, which requires courts to view the evidence in the light most favorable to the party seeking to open the judgment, where the Superior Court instead improperly weighed the evidence, thus creating an irreconcilable conflict among Superior Court decisions, as well as contravening controlling precedent from this Court, should this Court take this appeal?

GRAYSTONE BANK, Respondent

v.

GROVE ESTATES, LP., Petitioner.

Supreme Court of Pennsylvania.

July 24, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 24th day of July 2013, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioners, are:

(1) Where the Superior Court contravened its own prior holdings as well as controlling precedent from this Court on the fundamental requirement that confessed judgments must be supported by a warrant of attorney in the contract on which judgment was confessed, where the prevalence of confession of judgment clauses utilized in this Commonwealth makes this a pervasive issue, and where disregard of the legal requirements governing confessed judgments results in denial of constitutional rights to due process and trial by jury, should this Court take this appeal?

(2) Where the Superior Court contravened its own prior holdings on the standard for opening confessed judgments, which requires courts to view the evidence in the light most favorable to the party seeking to open the judgment, where the Superior Court instead improperly weighed the evidence, thus creating an irreconcilable conflict among Superior Court decisions, as well as contravening controlling precedent from this Court, should this Court take this appeal?

COMMONWEALTH of Pennsylvania, Appellee

v.

Anthony COLLINS, Appellant.

Superior Court of Pennsylvania.

Argued May 14, 2013.
Filed June 28, 2013.

